**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

**STATE FARM FIRE AND CASUALTY COMPANY,**

      Plaintiff,

v.

**WIN HEALTH INSTITUTE, LLC,
DAVID JENSEN,
NATHANIEL GORDON, and
TRISHA MARKKULA**

      Defendants

---

**COMPLAINT FOR DECLARATORY RELIEF**

---

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by its undersigned attorneys, submits the following Complaint for Declaratory Relief pursuant to 28 U.S.C. §§ 2201, 2202 and Federal Rule of Civil Procedure 57.

## I.      PARTIES AND JURISDICTION

1.      State Farm is an insurance company authorized to do business in Colorado. State Farm is incorporated under the laws of Illinois and has its principal place of business at One State Farm Plaza, Bloomington, Illinois, 61710. State Farm is a citizen of the State of Illinois.

2.      WIN Health Institute, LLC ("WHI") is a Colorado limited liability company with its principal place of business located at 60 El Jebel Road, # 56, El Jebel, Colorado 81623.

3.      David Jensen is an individual residing at 401 Tree Farm Drive, Carbondale, Colorado 81623. He is a citizen of the State of Colorado.

4.      Upon information and belief, Jensen and his wife, Darlena Gale Jensen, are the only two members of WHI, and both are citizens of the State of Colorado. Accordingly, WHI is also a citizen of the State of Colorado.

5.      Nathaniel Gordon is an individual residing at 383 South Hillcrest Drive, Trailer 9, Montrose, Colorado 81401. He is a citizen of the State of Colorado.

6.      Trisha Markkula is an individual residing in Garfield County, Colorado. She is a citizen of the State of Colorado. She is named as a party due to her potential interest in the outcome and to ensure any declaratory judgment entered herein fully and finally resolves this matter as to all interested parties.

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

8.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in this district.

## II.      NATURE OF THE ACTION

9.      This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, in which State Farm seeks a determination of rights and obligations under a liability insurance policy it issued to WHI.

10.      In November 2023, Markkula sued WHI, Jensen, and Gordon in a separate state court action filed in Eagle County, Colorado, captioned *Trisha Markkula v. Nathaniel David Gordon, David Scott Jensen, D.C., and Win Health Institute, LLC*, Case No. 2023CV30190 (the "Underlying Lawsuit," attached as Exhibit A). The Underlying Lawsuit is still pending.

11.      Jensen is a chiropractor who owns and operates WHI.

2

12.     Gordon is a massage therapist employed by WHI.

13.     Markkula was a client of WHI.

14.     In the Complaint filed in the Underlying Lawsuit, Markkula alleges that Gordon sexually assaulted her – intentionally and without her consent – during a massage therapy session that happened on November 22, 2021.

15.     Markkula alleges that she instructed Gordon to stop several times and he continued to sexually assault her.

16.     Markkula additionally alleges in her Complaint that Jensen referred Markkula to Gordon to receive massage therapy treatment despite numerous reports by other patients that Gordon had sexually assaulted them at WHI prior to the alleged November 22, 2021 sexual assault.

17.     In the Complaint, Markkula asserts eight claims for relief against WHI, Jensen, and Gordon: (1) negligent training, retention, and supervision against WHI and Jensen; (2) premises liability against WHI and Jensen; (3) unlawful sexual contact against Gordon; (4) extreme and outrageous conduct against WHI and Jensen; (5) negligent misrepresentation against WHI and Jensen; (6) negligence against WHI and Jensen; (7) professional negligence against Jensen; and (8) employee/agent negligence – vicarious liability of WHI.

18.     According to the Civil Cover Sheet filed by Markkula in the Underlying Lawsuit, she is seeking damages against WHI, Jensen, and Gordon in excess of $100,000.

19.     State Farm issued a businessowner's policy under Policy No. 96-BR-T195-6 to WHI (the "Policy"), which was effective from June 30, 2021 to June 30, 2022.

20.     The Policy lists WHI as the named insured.

21.     Jensen and Gordon are not named insureds.

22.     WHI and Jensen tendered the claim to State Farm, seeking defense and indemnity under the Policy.

23.     State Farm is presently defending WHI and Jensen in the Underlying Lawsuit pursuant to a reservation of rights.

24.     Gordon has not tendered a claim to State Farm.

25.     The insuring agreement for the business liability coverage provided by the Policy (Coverage L) provides in relevant part:

---

**Coverage L – Business Liability**

1.  When a Limit Of Insurance is shown in the Declarations for **Coverage L – Business Liability**, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. But:

    a.  The amount we will pay for damages is limited as described in **SECTION II — LIMITS OF INSURANCE**; and

    b.  Our right and duty to defend end when we have used up the applicable Limit Of Insurance in the payment of judgments or settlements or medical expenses.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – Supplementary Payments**.

---

26.     The insuring agreement for Coverage L further provides:

**2.** This insurance applies:

    **a.** To "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph **1.a.** of **SECTION II — WHO IS AN INSURED** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation,

        change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

27.    The Policy contains the following relevant definitions:

    **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury".

    **17.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

28.    The Policy contains the following relevant exclusions as to Coverage L:

1.  **Expected Or Intended Injury**

    **a.** "Bodily injury" or "property damage" expected or intended to cause harm as would be expected by a reasonable person; or

    **b.** "Bodily injury" or "property damage" which is the result of willful and malicious, or criminal acts of the insured.

    This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

11. **Professional Services Or Treatment**

    "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional service or treatment. This includes but is not limited to:

    **a.** Legal, accounting or advertising services;

    **b.** Preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications;

    **c.** Supervisory, inspection, architectural or engineering activities;

    **d.** Treatment, advice or instruction of any medical, surgical, dental, x-ray or nursing services;

    **e.** Treatment, advice or instruction of any health or therapeutic services;

    **f.** Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

6

    **g.** Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

    **h.** Body piercing services;

    **i.** Services in connection with the practice of pharmacy;

    **j.** Handling, embalming, disposal, burial, cremation or disinterment of dead bodies; and

    **k.** Veterinary services or treatments.

This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering or failure to render of any professional service.

### III.   CLAIM FOR RELIEF
(Declaratory Relief—28 U.S.C. §§ 2201 and 2202)

29.     State Farm incorporates by reference the allegations set forth above as if the same were fully set forth herein.

30.     Pursuant to 28 U.S.C. § 2201(a), "In a case of actual controversy within its jurisdiction, … any court of the United States … may declare rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," which declaration "shall have the force and effect if a final judgment or decree … ."

31.     WHI and Jensen have sought coverage from State Farm under the Policy for Markkula's claims asserted in the Underlying Lawsuit.

32.     Coverage L of the Policy does not apply to the claims asserted in the Underlying Lawsuit because there is no "occurrence" as defined by the Policy.

33.     In addition, coverage for the Underlying Lawsuit is precluded by several exclusions due applicable to Coverage L.

34.     Exclusion 1 for Expected Or Intended Injury applies to and precludes coverage for the claims in the Underlying Lawsuit.

35.     Exclusion 11 for Professional Services Or Treatment also applies to and precludes coverage for the claims in the Underlying Lawsuit.

36.     State Farm therefore has no duty to defend or indemnify WHI, Jensen, or Gordon as to Markkula's claims in the Underlying Lawsuit.

37.     State Farm seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that it has no duty to defend or indemnify WHI, Jensen, or Gordon with respect to Markkula's claims in the Underlying Lawsuit.

38.     An actual and justiciable controversy exists between the parties regarding the insurance coverage available under the Policy with respect to Markkula's claims.

39.     A judicial declaration as to coverage under the Policy is necessary and appropriate at this time so that the parties may ascertain their rights and duties under the Policy.

## IV.     PRAYER FOR RELIEF

WHEREFORE, State Farm respectfully requests the following relief:

(a) A declaration that State Farm owes no duty to defend or indemnify WHI, Jensen, or Gordon as to any claims asserted in the Underlying Lawsuit;

(b) That judgment be entered in favor of State Farm;

(c) An award of costs and other litigation expenses incurred in prosecuting this action, to the extent permitted by law; and

(d) Such other relief as the Court deems just and appropriate.

Dated this April 23, 2024.                    Respectfully submitted,

*s/ Kelly L. Kafer*

_____

Kelly L. Kafer, Esq.
Jeremy R. Speckhals, Esq.
Rider Kafer, P.C.
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: kkafer@riderkafer.com
          jspeckhals@riderkafer.com
*Attorneys for State Farm Fire and Casualty*
*Company*