IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01125-DDD-STV

**STATE FARM FIRE AND CASUALTY COMPANY,**

    Plaintiff,

v.

**WIN HEALTH INSTITUTE, LLC,
DAVID JENSEN,
NATHANIEL GORDON, and
TRISHA MARKKULA**

    Defendants

**OPPOSITION TO DEFENDANT TRISHA MARKKULA'S MOTION TO STAY**

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by its undersigned attorneys, submits the following Opposition to Defendant Trisha Markkula's Motion to Stay.

**INTRODUCTION**

Prosecution of an anticipatory declaratory judgment action is appropriate while the underlying litigation is ongoing when an insurer owes no duty to defend in the first instance. Here, State Farm contends it owes no duty to defend Gordon, Jensen, or WHI. Colorado law permits State Farm to seek declaratory relief to that effect at this juncture. The Court should deny Markkula's motion to stay and permit State Farm to seek a ruling concerning its lack of a duty to

defend, or indemnify, based on the four corners of Markkula's Complaint as discussed in further detail herein.[1]

## BACKGROUND

This declaratory judgment action stems from an underlying suit where Markkula sued Defendants WIN Health Institute, LLC ("WHI"); David Jensen; and Nathaniel Gordon in Eagle County, Colorado in Case No. 2023CV30190. That complaint is attached hereto as **Exhibit A**. In her complaint Markkula alleges generally that Gordon sexually assaulted her during a massage; that Jensen, as Gordon's employer, knew Gordon was liable to sexually assault Markkula due to other reported instances; that Jensen did not stop Gordon; and that WHI should be vicariously liable for both Gordon and Jensen's actions.

State Farm issued a businessowner's policy to WHI (the "Policy"). A copy of the policy is attached hereto as **Exhibit B**. State Farm contends in this suit that it owes no duty to defend or indemnify WHI, Jensen, or Gordon under the policy because there is no "occurrence" as defined by the policy, the Expected or Intended Injury exclusion applies, the Professional Services of Treatment exclusion applies.

The Policy's insuring agreement provides as follows:

---

[1] If the Court were to conclude the underlying Complaint does trigger a duty to defend, State Farm would agree to a stay of further proceedings in this case as to the duty of indemnity, pending the outcome of the underlying case.

---

**Coverage L – Business Liability**

1. When a Limit Of Insurance is shown in the Declarations for **Coverage L – Business Liability**, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. But:

   a. The amount we will pay for damages is limited as described in **SECTION II — LIMITS OF INSURANCE**; and

   b. Our right and duty to defend end when we have used up the applicable Limit Of Insurance in the payment of judgments or settlements or medical expenses.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – Supplementary Payments**.

2. This insurance applies:

   a. To "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      (3) Prior to the policy period, no insured listed under Paragraph **1.a.** of **SECTION II — WHO IS AN INSURED** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation,

3

> change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

**Ex. B** p. 24.

The Expected or Intended Injury Exclusion provides as follows:

> 1. **Expected Or Intended Injury**
>    a. "Bodily injury" or "property damage" expected or intended to cause harm as would be expected by a reasonable person; or
>    b. "Bodily injury" or "property damage" which is the result of willful and malicious, or criminal acts of the insured.
>
>    This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

*Id.* at p. 25. The Professional Services Exclusion provides as follows:

> 11. **Professional Services Or Treatment**
>
>     "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional service or treatment. This includes but is not limited to:
>     a. Legal, accounting or advertising services;
>     b. Preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications;
>     c. Supervisory, inspection, architectural or engineering activities;
>     d. Treatment, advice or instruction of any medical, surgical, dental, x-ray or nursing services;
>     e. Treatment, advice or instruction of any health or therapeutic services;
>     f. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

> g. Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;
>
> h. Body piercing services;
>
> i. Services in connection with the practice of pharmacy;
>
> j. Handling, embalming, disposal, burial, cremation or disinterment of dead bodies; and
>
> k. Veterinary services or treatments.
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering or failure to render of any professional service.

*Id.* at p. 28.

WHI, Jensen, and Gordon are all named Defendants in this lawsuit. Clerk's defaults have been entered against WHI, Jensen, and Gordon. Thus, none of the Defendants in the underlying matter have appeared in this matter.

## ARGUMENT

**1. Markkula is not an insured and therefore cannot prosecute the positions of an insured.**

State Farm's insured is WHI. State Farm did not insure Markkula. Colorado law requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d 556, 562 (Colo. 1996). Thus, Markkula is a proper and necessary party to this declaratory judgment action. But she cannot prosecute positions on behalf of State Farm's insureds.

5

In her Motion, Markkula asserts that "[i]f both actions proceed concurrently, the insured Parties will be forced to admit negligence in the Declaratory Relief Action—or lose their right to a defense—and deny negligence in the Underlying Lawsuit—or waive their right to a defense." WHI, Jensen, and Gordon may well agree with Markkula's sentiment. Or they could take a different tact, admitting negligence and focusing solely on damages. However, they have elected not to participate in this proceeding, waiving positions they could have taken in this litigation in the process. While Colorado law permits Markkula to participate in the litigation, Colorado law does not permit Markkula to stand in the shoes of State Farm's insureds and take positions on behalf of State Farm's insureds. *Cf. See Pompa v. American Family Mut. Ins. Co.*, 506 F.Supp.2d 412, 415 (D. Colo. 2007) (noting that "under substantive Colorado law, an injured claimant cannot maintain a direct action on the liability policy protecting the insured unless specifically authorized by statute" and "an injured claimant has no standing even to prosecute a declaratory judgment against a liability insurer" (cleaned up)). The parties who would seemingly make those arguments before this Court have elected not to participate in this litigation.

As such, this action should not be stayed because of alleged prejudice to the insured defendants (WHI, Jensen, and Gordon), as those arguments have been waived by those parties.

**2. This action is proper at this procedural juncture, as State Farm owes no duty to defend in the first instance.**

In this action, State Farm is seeking a declaration that it owes no duty to defend WHI, Jensen, or Gordon[2] in the underlying litigation. An insurer's duty to defend "concerns an 'insurance company's duty to affirmatively defend its insured against pending claims.'" *Cyprus*

---

[2] State Farm is currently providing a defense to WHI and Jensen in the underlying case, subject to a reservation of rights, pending this Court's determination in this action.

6

*Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003) (quoting *Constitution Associates*, 930 P.2d at 563). An insurer owes a defense when the claim or claims at issue allege "any facts that might fall within the coverage of the policy." *Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991). To analyze whether an insurer owes a duty to defend, Colorado courts apply the "complaint" or "four corners" rule. *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 957 (10th Cir. 2011). "The Colorado Supreme Court has 'consistently held that an insurer's duty to defend arises *solely* from the complaint in the underlying action.'" *Id.* at 960 (quoting *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 827 (Colo. 2004)) (emphasis in original) "An insurer is not excused from this duty 'unless there is no factual or legal basis on which the insurer might eventually be held liable to indemnify the insured.'" *Cyprus Amax*, 74 P.3d 294 (quoting *Hecla Min. Co.*, 811 P.2d at 1090). "Where there is no duty to defend, it follows that there can be no duty to indemnify." *Constitution Associates*, 930 P.2d at 563.

If Markkula's Complaint in the underlying matter contains no factual basis that could conceivably trigger State Farm's coverage, then State Farm owed no duty of defense or indemnity in the first instance. As noted by Markkula in her Motion: "Typically speaking, a declaratory judgment action tends to be independent and separable when the allegations in the complaint of the underlying litigation do not give rise to a duty to defend." (ECF No. 56, p. 4.) *Accord Constitution Associates*, 930 P.2d at 563 ("Declaratory judgment claims are more likely to be independent and separable from the underlying litigation when the allegations in the underlying complaint do not even give rise to a duty to defend."). When an insurer owes no duty to defend in the first instance, "it may be appropriate to allow the insurer an opportunity to obtain an

7

anticipatory declaration of its obligations towards its insured prior to the expenditure of considerable resources." *Id.*; *see also e.g.*, *Liberty Mutual Personal Ins. Co. v. Prutsman*, 2024 WL 3341002 (D. Colo. June 10, 2024) (no potential prejudice to insured when declaratory judgment action sought answers to legal questions of insurer's duty based on allegations of complaint) (unpublished); *Ace American Ins. Co. v. Dish Network, LLC*, 2014 WL 811993 (D. Colo. March 3, 2024) (same) (unpublished).

State Farm maintains it owes no duty to defend in the first instance for three separate, independent reasons.[3] First, based on the allegations of the Complaint, there is no "occurrence." For State Farm's liability coverage to apply, there must be "bodily injury" caused by an "occurrence." (*See generally* ECF No. 29, ¶¶ 25-27.) "Occurrence" is defined as an "accident." *See Carroll v. CUNA Mut. Ins. Soc.*, 894 P.2d 746, 752 (Colo. 1995) (stating that as long as the resulting injury is "unexpected, unintended, and unforeseeable" then the injury is accidental). Markkula alleges Gordon sexually assaulted her and that he continued to do so despite being told to stop multiple times. *See generally* **Ex. A** ¶¶ 19-64. She alleges Gordon acted intentionally. *See generally id.* ¶¶ 114-124. She has further alleged that Jensen and WHI knew about prior sexual assaults by Gordon and failed to take action to stop Gordon. This conduct cannot be described as "accidental." There is therefore no "occurrence" based on the allegations of the Complaint as to Gordon, or WHI or Jensen. *See Mountain States Mut. Cas. Co. v. Hauser*, 221 P.3d 56 (Colo. App.

---

[3] State Farm reserves the right to fully brief and present these issues for the Court's determination at a later date. The following summary is provided for illustrative purposes to show that proceeding with this declaratory judgment action is appropriate under applicable law and that Markkula's Motion to Stay should be denied.

8

2009) (employee's actions in committing sexual assault, and employer's actions in employing individual with known propensity to commit assault, were not "occurrence").

Second, the Policy's Expected or Intended Injury Exclusion also precludes coverage, given the allegations in the underlying lawsuit. This exclusion applies when an insured intends to cause injuries. *See American Family Mut. Ins. Co. v. Johnson*, 816 P.2d 952, 955 (Colo. 1991). It also applies where the injury is the result of a willful or criminal act. *See Allstate Ins. Co. v. Juniel*, 931 P.2d 511 (Colo. App. 1996) (affirming trial court's conclusion that no duty of defense owed based on the "criminal exclusion"). Markkula specifically alleges that Gordon continued his assault despite her verbal requests to stop. Ex. A ¶¶ 39-44. She further alleges she "did not consent to Gordon's unlawful sexual contact and sexual assault." *Id.* ¶ 118. And she specifically alleges Gordon acted intentionally. *See id.* ¶¶ 119, 123. Discussed above, Markkula alleges WHI and Jensen knew about Gordon's propensities. Thus, exclusion also applies, based on Markkula's allegations. *See Hauser*, 221 P.3d at 61.

Finally, the Professional Services Exclusion also applies. Massage therapy is a licensed profession in Colorado. *See* Colo. Rev. Stat. § 12-235-107(1) (providing that "a person in this state who practices massage therapy or who represents himself or herself as being able to practice massage therapy must possess a valid license"). Markkula alleges Gordon sexually assaulted her during a massage therapy session. Thus, her injury "ar[ose] out of the rendering . . . [of a] professional service or treatment." **Ex. B**, p. 28. The exclusion also expressly applies to a claim for "negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured . . . ." *See id.* State Farm owes no duty of defense based on the

9

Professional Services Exclusion, as Markkula's injuries arose out of a professional service or treatment.

## CONCLUSION

Based on the four corners of Markkula's Complaint in the underlying matter, State Farm owes no duty of defense or indemnity to WHI, Jensen, or Gordon. Therefore, a stay in this matter is not appropriate, as this Court may consider State Farm's arguments regarding its lack of a duty of defense or indemnity based solely on the allegations of the Complaint. The Court should therefore deny Markkula's motion to stay and permit parties to litigate this issue as expeditiously as possible.

Dated this February 24, 2025.  Respectfully submitted,

*s/ Jeremy R. Speckhals*

_____
Kelly L. Kafer, Esq.
Jeremy R. Speckhals, Esq.
Rider Kafer, P.C.
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: kkafer@riderkafer.com
        jspeckhals@riderkafer.com
*Attorneys for State Farm Fire and Casualty Company*

10

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was duly served this February 24, 2025, to each of the following:

| | |
|---|---|
| Michael Nimmo | ( ) via U.S. Mail |
| Charles Mendez | ( ) via Electronic Mail |
| Wahlberg, Woodruff, Nimmo & Sloane, LLP | ( ) via Facsimile |
| 4601 DTC Blvd. | ( ) via Overnight Mail |
| Suite 950 | (x) via CM/ECF System |
| Denver, CO 80237 | |
| *Counsel for Defendant Trisha Markkula* | |
| | |
| Bradley A. Levin | ( ) via U.S. Mail |
| Levin Sitcoff PC | ( ) via Electronic Mail |
| 455 Sherman St. | ( ) via Facsimile |
| Suite 490 | ( ) via Overnight Mail |
| Denver, CO 80203 | (x) via CM/ECF System |
| *Counsel for Defendant Trisha Markkula* | |

                                                s/ Felisha Hurtado